IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD BROWN FOR KENDALL BRANDON )
LANK BROWN, )
    Plaintiff, )
)
v. ) 2:16-cv-747
)
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

REPORT and RECOMMENDATION

    I.  Recommendation:

It is respectfully recommended that the defendant's motion for summary judgment (ECF No.14) be granted; that the plaintiff's motion for summary judgment (ECF No.10) be denied and that the decision of the Commissioner be affirmed.

    II.  Report:

Presently before the Court for disposition are cross motions for summary Judgment.

On June 8, 2016, Richard Brown on behalf of Kendall Brandon Lank Brown (collectively "the plaintiff"), by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for child's Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The plaintiff filed an application for Supplemental Security Income Benefits on July 23, 2013 (R.104-109), and benefits were denied on October 9, 2013 (R.53-56). On November 27, 2013, the plaintiff requested a hearing (R.63-68) and on March 25, 2015 a hearing was conducted (R.29-43). An Administrative Law Judge denied benefits on March 31, 2015 (R.8-24), and on April 9, 2015, reconsideration was requested (R.5). On May 11, 2016, the Appeals Council affirmed the prior determination (R. 1-4) and the instant complaint was filed on June 8, 2016.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Ventura v. Shalala, 55 F.3d 900 (3d Cir. 1995).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements. As applied to children, a determination of disability is based on a sequence of findings set forth in 20 CFR § 416.924:

> (a) Steps in evaluating disability [for children]. We consider all relevant evidence in your case record when we make a determination or decision whether you are disabled…
> (c) You must have a medically determinable impairment(s) that is severe…
> (d) Your impairment(s) must meet, medically equal or functionally equal the listing…

At the hearing held on March 25, 2015 (R.29-43), the plaintiff was represented by counsel (R.31) who represented that the plaintiff was attending cyber school where he appeared to be performing better (R.32). The child's father testified that his son had difficulty at school (R.33); that he had transferred to cyber school, held in his prior school for disciplinary and

2

academic reasons (R.34); that the child attended monthly counseling sessions (R.35,37); that the child takes medication (R.37) and performs very few chores (R.38).

The child testified that he was in 8th grade at cyber school (R.36, 40) and that he had not been in a fight for about a year (R.42).

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

Kendall was treated at Centerville Clinics Inc. between August 11, 2008 and May 1, 2013 where the physical findings were normal and concern was expressed about oppositional-defiance and ADHD. None of Kendall's teachers believed him to be hyperactive. Low average intellectual ability, inattention, learning problems and aggression were noted (R.187-216).

Kendall was treated at the Summit Psychological service between May 25, 2013 and July 10, 2013. His mood was said to be stable, his affect restricted and his thoughts logical. He was diagnosed with ADHD-inattentive type and placed on medication (R.230-236).

Kendall's report card issued on August 28, 2013 reflects final grades of B in English, D in reading, F in math, D in social studies, C in science and 4 days of disciplinary out of school suspension (R.112-114).

Kendall attended nine individual therapy sessions between August 10, 2013 and September 4, 2013. He was diagnosed with attention deficit disorder (R.237-243).

In a report completed on September 26, 2013 Kendall's math teacher noted that he was being instructed at grade level and his only classroom problem was expressing his anger appropriately (R.133-141).

In a school report dated October 3, 2013 no disciplinary infractions were noted (R.151-154).

In a report completed on October 21, 2013 on behalf of the 7th grade teaching team it was noted that Kendall functioned very independently; that he had only slight problems but was a follower rather than a leader and appeared to function at the level of the students he was with at that particular time (R.143-150).

Kendall was suspended from school for two days commencing March 19, 2014 for slapping a girl on the face. It was further noted that Kendall had accumulated 76 demerits and was at risk of failing language arts and American history. He was rated "below basic" on standardized math and reading tests (R.180-186).

3

Kendall was evaluated at Comprehensive Counseling of Washington between December 19, 2012 and April 7, 2014. A low average I.Q., average to above average reading skills, reading comprehension, math problem solving and sentence composition deficiencies were noted. It was concluded that Kendall was eligible for special education (R.217-229, 244-260).

In a report from Counseling Associates covering the period from October 19, 2013 through February 7, 2015, ADHD medically treated was noted and continued therapy was recommended. Good progress was reported, and no marked limitations were observed (R.269-278).

In a statement dated February 12, 2015 and covering treatment since May 10, 2013, continued signs of ADHD which was not yet medically stabilized were noted. Marked limitations in acquiring and using information and caring for himself as well as extreme limitation in attending and completing tasks were also noted (R.265-278).

Based on the evidence, the Commissioner concluded:

> The claimant was born on August 30, 2000. Therefore, he was an adolescent on June 17, 2013, the date application was filed …
>
> The claimant has not engaged in substantial gainful activity since June 17, 2013, the application date…
>
> The claimant has the following severe impairments: attention deficit hyperactivity disorder and an adjustment disorder…
>
> Treatment records from Comprehensive Counseling of Washington reflect that counseling services commenced in December, 2012… Kendall was having problems with behavior and class work at school. He was losing some privileges at school because of his behavior, and he had also received a suspension for fighting. In subsequent contacts at the school, the principal said that the student was choosing not to do work…
>
> Since there has been a diagnosis of ADHD confirmed by two medical sources, I find that prior to the commencement of treatment this child exhibited symptoms of inattention, impulsiveness, and hyperactivity, meeting the sub-paragraph A criteria of Listing 112.11.
>
> With respect to the areas of functioning under sub-paragraph B of this listing, the claimant has no limitation in the area of cognition and communication. According to the testimony, he is currently participating in a program called cyber school at Washington Junior High School. Cyber school is a smaller classroom setting provided for

4

students who have had behavioral problems in the regular classroom setting. Much of the work is done on computers. The child testified that there are about 6 other students at his grade level in the cyber school. He said that with that accommodation his grades have been Bs and Cs. He did not believe that he received any grades below C. I therefore conclude that the claimant has demonstrated an approximately average capacity to acquire and use information…

In the area of social functioning, there is less than marked impairment…

As for the area of personal functioning, the testimony at hearing indicated that the child is capable of dressing himself and maintaining appropriate personal hygiene… I find that there is at most a mild limitation of ability in personal functioning…

Therefore, it is apparent that Claimant's ADHD, when appropriately controlled with medication does not result in marked impairment in any area of functioning…

After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms do not at face value establish that there is a marked limitation of functioning in any domain.

As for the opinion evidence, The Social Security Administration accords controlling weight to the opinion of a treating physician where it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence… However, the rule does not apply to statements of opinion upon the ultimate issues of disability, which is reserved to the Commissioner…

Counselor Gregory Miscik and CRNP Gummo have both submitted checkmark forms which if accepted at face value would indicate that Kendall has marked limitation of functioning in at least 2 domains. However, neither of these sources are "acceptable medical sources" within the meaning of 29 CFR 416.913.The opinions that they have expressed on these checkmark forms have been given consideration as other medical opinion. Little weight has been accorded to these forms because they are not accompanied by any explanation or rationale. They are simply form reports in which the signatory's obligation in only to check a box or fill in a blank. Such conclusions are weak evidence at best…Among other things, the check marks by CRNP

> Gummo are inconsistent with her assignment of a GAF rating of 60, indicating an impression of no more that moderate functional limitations…
>
> The claimant has less than marked limitation in acquiring and using information… the child is now demonstrating the capability to learn and to attain average grades…
>
> The claimant has less than marked limitation in attending and completing tasks…the ability to earn average grades also indicates that [he is] capable of maintain adequate attention and concentration with his medication to master the subject matter at an age-appropriate level…
>
> The claimant has less than marked limitation in interacting and relating with others. It was necessary to place the child [in] the cyber school program … in order to minimize the behavioral problems that were cropping up in the regular classroom setting. On the other hand, the child testified that he has about 20 friends in the neighborhood who come to visit him and to play games. He also gets along with the six other children in the cyber classroom…
>
> The claimant has no limitation in moving about and manipulating objects. The records of the claimant's pediatrician indicate that he has no physical problems…
>
> The claimant has no limitation in the ability to care for himself. The testimony considered as a whole indicates that the child is capable of maintaining an age-appropriate level of personal care…
>
> The claimant has no limitation in health and physical well-being… There is no indication of any side effects from the prescribed Concerta which does improve the child's functional level…
>
> Accordingly, the claimant does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning.
>
> The claimant has not been disabled … since June 17, 2013, the date the application was filed. (R.14-23).

The record demonstrates that the plaintiff suffers from an attention deficit hyperactivity disorder and oppositional defiant behavior. However, he is of at least normal

intelligence; with medication, he is able to function at grade level; gets along with others and is progressing at school. In order to be deemed disabling, an attention deficit hyperactive disorder must meet the requirements set forth in Listing 112.11, Pt. 404, Subpart P. Appendix 1 which provides:

> Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Medically documented findings of all three of the following:
> 1. Marked inattention; and
> 2. Marked impulsiveness; and
> 3. Marked hyperactivity;
> AND
> B. For children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02 [which provides]:
> 2....a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings ... and including, if necessary, the results of appropriate standardized psychological tests...
> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings ...
> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings ...
> d. Marked difficulties in maintaining concentration, persistence, or pace.

Additionally, the determination of credibility rests with the Commissioner. Morales v. Apfel, 225 F.3d 310, 317 (3d Cir.2000).

When considered in light of these requirements, it is apparent that the Commissioner's conclusion is supported by substantial evidence, for while the plaintiff clearly has some behavioral problems, with the appropriate medication and transfer to a small size class he is functioning at grade level where there are no reports of disruptive behavior, and he appears to get along with others and is making appropriate progress.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. Chavarriaga v. New Jersey, 806 F.3d 210 (3d Cir. 2015). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. Accordingly, it is recommended that the Plaintiff's motion for Summary Judgment (ECF No. 10) be denied; that

7

the Defendant's motion for Summary Judgment (ECF No. 14) be granted and that the decision of the Commissioner be affirmed.

      Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this. Failure to file timely objections will waive the right to appeal.

Filed: December 19, 2016

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge